## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHRISTOPHER BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-20-006-R** |
| | ) | |
| **KEVIN L. WARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Plaintiff, a state prisoner appearing pro se, filed this action against Defendant Ward, an officer with the Canadian County Sheriff's Department, alleging that in the course of investigating Mr. Baker's criminal activity, Defendant Ward violated the Fair Credit Reporting Act.[1] Plaintiff filed a motion for summary judgment to which Defendant Ward responded. Upon consideration of the parties' submissions, the Court DENIES Plaintiff's motion.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hill v. Allstate Ins. Co.*, 479 F.3d 735, 740 (10th Cir. 2007). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Liberty*

---

[1] To the extent Plaintiff attempts to expand the scope of this case by presenting arguments regarding the alleged defective affidavit in support of search warrant executed by Defendant Ward, the Court declines any attempt to do so. Plaintiff filed a separate § 1983 against Defendant Ward that is also pending before the Court and involves the allegedly defective search warrant.

*Lobby,* 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence in support of a party's position. *Id.* at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which the nonmoving party carries the burden of proof. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). To carry this burden, the nonmoving party may not rest on the pleadings but must instead set forth specific facts supported by competent evidence. *Nahno-Lopez*, 625 F.3d at 1283.

> As the party bearing the burden of proof at trial, plaintiff cannot prevail at the summary judgment stage unless the evidence that he provides on all issues on which he bears the burden of proof is conclusive. *See Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35–36 (1st Cir.1998); *accord Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir.2003) (plaintiff is not entitled to summary judgment unless he proves "beyond peradventure all of the essential elements" of his claim to warrant judgment in his favor); *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991) ("When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it ... must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party.").

*Ellibee v. Marlett*, No. 04-3059-JWL, 2005 WL 9021114 at *2 (D. Kan. Apr. 19, 2005).

In applying these standards, the Court views the factual record in the light most favorable to the party opposing the motion for summary judgment. *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2018).

In addition to the substantive requirements for prevailing on a motion for summary judgment, a movant must comply with the procedural requirements set forth in both the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Oklahoma. Specifically, Fed. R. Civ. P. 56(c)(1)(A) provides:

> **(1)** ***Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . .admissions, interrogatory answers, or other materials. . . .

Similarly, Local Civil Rule 56.1 mandates procedures for summary judgment motions, including the following:

> (b) The brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section stating the material facts to which the movant contends no genuine dispute exists. The facts shall be set forth in concise, numbered paragraphs.
> (c) The brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section responding, *by correspondingly numbered paragraph,* to the facts that the movant contends are not in dispute and shall state any fact that is disputed. Separately, the brief in opposition may, in concise, numbered paragraphs, state any additional facts the nonmovant contends preclude judgment as a matter of law. The nonmovant shall not present facts that are not material to an issue raised by the movant.
> (d) Each individual statement by the movant or nonmovant pursuant to subparagraph (b) or (c) of this rule shall be followed by citation, with particularity, to any evidentiary material that the party presents in support of its position pursuant to Fed. R. Civ. P. 56(c).

Although the Court affords a *pro se* plaintiff some leniency and must liberally construe his pleadings, *see Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994), a *pro se* party must nevertheless follow the same procedural rules as other litigants. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Plaintiff's motion fails to comply with the procedural dictates of either the federal or local rule cited above. Plaintiff has eight facts listed in his Statement of Undisputed Facts, which appears at page 6 of his brief, and he cites to no evidence in support of any of his factual propositions, despite attaching numerous exhibits to his motion. This failure alone provides a sufficient basis for denial of Plaintiff's motion. Furthermore, consideration of the parties' filings reveals that genuine issues of material fact exist that preclude summary judgment in Plaintiff's favor.

The origin of Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims against Defendant Ward was a communication from Tim Puckett, an employee of Experian, a credit reporting agency, on March 4, 2014. Mr. Puckett indicated in the telephone call that Experian believed Mr. Baker was engaged in data blocking, that is, falsely claiming he was the victim of identity theft to stop negative items from being shown on his credit report.[2] To that end, on April 2, 2014, Mr. Puckett provided Defendant Ward with a list of accounts he believed Plaintiff had been able to open because of his false reports of identity theft.

---

[2] Plaintiff provided judgments to Experian that he had altered to make it appear he had been exonerated of the debt that was the subject of the underlying litigation.

4

Following an investigation, the State filed criminal charges against Mr. Baker. On August 25, 2015, Plaintiff pled guilty to a number of counts in two different cases in the District Court of Canadian County, Oklahoma, specifically one count of computer fraud, two counts of altering/forging written instruments, two counts of possession of forged evidences of debt, false pretenses or bogus checks under $50, and removal/destruction of mortgaged property.  In his Plea of Guilty Summary of Facts Mr. Baker admitted in case number 2014-305:

> March 13, 2014, I used a computer to execute a scheme to defraud creditors and courts by means of a false or fraudulent representation 2) On December 13, 2013, I counterfeited a document purporting to be a Journal Entry of Dismissal in Canadian County § 13-963 forging Judge Hatfield's signature with an intent to defraud 3) On May 24, 2011, I counterfeited a document purporting to be a dismissal in Cleveland County SC10-3917 5) On March 13, 2014,I possessed a forged certificate of release of federal tax lien that I knew to be forged. 7) On February 19, 2014, I falsely reported a crime of identity theft to the Yukon Police Department.

Doc.No. 157-3, p. 5.[3] With regard to case number 14-460, Defendant admitted that on or about January 30, 2014 he possessed a forged document purporting to show a lien release when he was aware the document was forged and that he did so with the intent to injure and defraud, and that he obtained money by false pretenses by selling a motorcycle as free and clear of liens when it actually was encumbered, knowing this to be false, and that he sold a motorcycle despite a security agreement and without consent of the lienholder. *Id.* p. 12. Plaintiff contends that following his conviction he became aware that in the course of the investigation Defendant Ward obtained a credit report under false pretenses and for

---

[3] Mr. Baker in turn provided the altered documents to Experian in an effort to block those items from appearing on his credit report.

an improper purpose in violation of the FCRA, 15 U.S.C. § 1681b. Plaintiff seeks summary judgment on his claims.

Plaintiff alleges that Defendant willfully violated § 1681b(f) of the FCRA by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b. The FCRA imposes civil liability upon a person who willfully or negligently obtains a consumer report for a purpose that is not authorized by the FCRA. 15 U.S.C. §§ 1681b(f), 1681n(a), 1681o(a).[4] *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 35 (3d Cir.2011). 15 U.S.C. § 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless ... the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished [under § 1681b]." In order to establish a violation of the FCRA for obtaining a credit report without a permissible purpose, a plaintiff must prove that (1) there was a consumer report; (2) the defendant used or obtained it; (3) the defendant did so without a permissible statutory purpose; and (4) the defendant was negligent or willful in doing so. *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002) *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

---

[4] Plaintiff also relies on 15 U.S.C. § 1681q, which provides for criminal liability for "any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." As noted, 15 U.S.C. § 1681n provides a private cause of action against any person who willfully fails to comply with any "requirement" of the FCRA, and under Tenth Circuit authority violation of § 1681q provides a basis for civil suit pursuant to § 1681n. *Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir. 1987). Here, however, there is no evidence that Defendant Ward acted under false pretenses, because any information he received from Experian and Puckett was provided to him apparently without inquiry on his part, much less without misrepresentation about his intended use of such information. *See id.* ("if a user requests information for a purpose not permitted by § 1681b while representing to the reporting agency that the report will be used for a permissible purpose, the user may be subject to civil liability for obtaining information under false pretenses." Plaintiff is not entitled to summary judgment on his claim that Defendant Ward violated § 1681q.

Although Plaintiff attempts to establish that Defendant Ward obtained a consumer report for an impermissible purpose, the evidence presented is that Ward was provided information by Tim Puckett from Experian. The exact information provided is unclear, although it appears to the Court that Plaintiff is relying on a list of accounts appended to the Motion for Summary Judgment as Exhibit 7 and to the Complaint at Exhibit E, which Plaintiff describes in the Complaint as a spreadsheet manufactured by Mr. Ward, but on summary judgment the document is described as the list provided by Ward to Puckett. Without belaboring the issue, the evidence is not admissible at this juncture, having not been authenticated in any manner and having been described by Plaintiff as two different items. "It is well settled in this circuit that we can consider only admissible evidence in reviewing ... summary judgment." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995).

Accordingly, at this juncture, the Court lacks admissible evidence that Defendant Ward obtained or used a consumer report regarding Plaintiff.[5] Additionally, even if the Court had such evidence, Plaintiff presents no evidence regarding Defendant's mental state, that is, that his actions were negligent or willful. Therefore, Plaintiff cannot prevail on his motion for summary judgment on his FCRA claim.

In addition to Plaintiff's failure to establish that there is no genuine issue of material fact and that he is entitled to judgment on the merits of his FCRA claims, there are clearly factual issues related to the statute of limitations and whether his claims are timely. An

---

[5] Plaintiff also contends that information in the spreadsheet is false.

action under the FCRA must be brought "not later than the earlier of 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Because this action was filed in the Eastern District of Texas on August 20, 2018, Plaintiff's claims are untimely if they accrued before August 20, 2016**.**

The FCRA's two-year statute of limitations is of the type typically referred to as a "discovery rule." *See Merck & Co. v. Reynolds,* 559 U.S. 633 (2010). "[I]n the statute of limitations context, the word 'discovery' is often used as a term of art in connection with the 'discovery rule,' a doctrine that delays accrual of a cause of action until the plaintiff has 'discovered' it." *Id.* at 644. The Act does not define the term "discovery." *See* 15 U.S.C. § 1681a. However, when the word "discovery" is used in statutes, "federal courts have typically interpreted the word to refer not only to actual discovery, but also to the hypothetical discovery of facts a reasonably diligent plaintiff would know." *Id.* at 645 (citing cases). Accordingly, the FCRA's statute of limitations also includes constructive discovery. See *Id.* at 644. That is, the two-year statute of limitations begins when a "reasonably diligent plaintiff would have discovered the facts constituting the violation." *Drew v. Equifax Info. Servs.*, 690 F.3d 1100, 1110 (9th Cir. 2012); *Grigoryan v. Experian Info. Solutions*, 84 F. Supp. 3d 1044, 1058 (C.D. Cal. 2014). The term "discovery" here "encompasses not only those facts the plaintiff actually knew, but also those facts a reasonably diligent plaintiff would have known." *Merck*, 559 U.S. at 648. The record in the instant case does not support Plaintiff's contention that Defendant's statute of limitations defense is utterly without merit.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (Doc. No. 155) is DENIED.[6] Plaintiff's Motion to Strike (Doc. No. 161) is DENIED. Plaintiff's Motion to Amend (Doc. No. 156) is denied because it is not permissible to amend only a portion of a Complaint and Plaintiff's provision of a single page only addressing punitive damages is insufficient to comply with Local Civil Rule 15.1, and further that single page, if filed, would supersede his previously filed pleading, thereby providing a basis for dismissal of all of his substantive claims which are not addressed in his proposed amendment. Plaintiff is reminded that pursuant to Local Civil Rule 56.1 he must obtain leave to file another motion for summary judgment.[7]

**IT IS SO ORDERED** this 1st day of May 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] The Court declines Plaintiff's request at page 44 of his motion that it take judicial notice of the motion for summary judgment filed in the case against Defendants Experian and Puckett in the Eastern District of Texas.

[7] Additionally, despite his representation that his briefs comply with the Local Civil Rule 7.1 regarding page limits, the same rule mandates that briefs have one-inch margins and be in at least thirteen-point font. Plaintiff's briefs utilize smaller margins and a smaller font. Any future briefs that do not comply with these requirements shall be stricken without further notice.