# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-20-006-R |
| | ) | |
| KEVIN L. WARD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Leave to Amend Complaint. (Doc. No. 208). Defendant Ward responded in opposition to the motion arguing that amendment would be futile because Plaintiff's proposed amendment does not comply with the applicable Federal Rules of Civil Procedure, and further that Plaintiff is precluded from relitigating the dispositive issues in this case, the Eastern District of Texas having ruled against him on the same issues in related litigation. (Doc. No. 209). Plaintiff filed a reply in support of his position (Doc. No. 210). Upon consideration of the parties' submissions, the Court finds as follows.

The Court need not consider whether Plaintiff's most recent attempt at amendment is sufficient because amendment would be futile in light of the doctrine of issue preclusion. Defendant argues that two issues were decided by the Eastern District of Texas in the litigation that spawned this suit, and that those rulings preclude Plaintiff from prevailing in

this action.[1] As a result, this lawsuit is subject to dismissal and Defendant's Motion for Judgment on the Pleadings is denied as moot.

Collateral estoppel, or "issue preclusion[] refers 'to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.'" *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992))(footnote omitted)(citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376 n.1, (1985)).

> Collateral estoppel bars the successive litigation of any issue of law or fact "once [it has] been determined by a valid and final judgment." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). That is, the doctrine "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009). In this way, collateral estoppel, frequently referred to as "issue preclusion," aims to promote judicial efficiency, encourage reliance on previously adjudicated matters, and avoid inconsistent rules of decision. *Nichols v. Bd. of Cnty. Commission' respondeat superior of Cnty. of La Plata, Colo.*, 506 F.3d 962, 967 (10th Cir. 2007). Federal law governs the scope of the preclusive effect given to federal-court decisions. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 500, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001).

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014). There are four elements to collateral estoppel: (1) the issue decided must have been identical to the issue presented in the current action; (2) the prior action must have been finally adjudicated; (3) the party against whom the doctrine is invoked must have been a party to

---

[1] Defendant does not specifically address issue preclusion or the elements necessary to establish such preclusion which would have been helpful to his position. However, the Court may *sua sponte* raise a preclusion bar where, as here, the Court is on notice that the issue has been previously decided. *Banks v. Opat*, 814 F. App'x 325, 332 (10th Cir. 2020)(citing *Arizona v. California*, 530 U.S. 392, 412, (2000)). Defendant's response brief gave Plaintiff notice of his position and Plaintiff addressed Defendant's reliance in his Reply. *See* Doc. No. 210 at p. 5 ("The Defendant in the instant case seemingly continues to rely on the reasoning from the Eastern District of Texas . . . [i]t is widely thought that the Fifth Circuit will take a much different view of such conduct by Defendant's [sic]in that case.").

the prior adjudication; and (4) that party must have had a full and fair opportunity to litigate the issue in that prior action. *Id.* (quoting *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992)).

According to the documents submitted by Defendant in response to Plaintiff's Motion to Amend, the United States District Court for the Eastern District of Texas entered judgment against Plaintiff in the other half of this litigation. Plaintiff accused Experian employee Tim Puckett of providing Defendant Ward with a "consumer report" in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.[2] (Doc. No. 209-1). That court also denied a Motion for Reconsideration filed by Plaintiff Baker. (Doc. No. 209-2). In dismissing Plaintiff's claims against Defendant Puckett and in refusing to reconsider that decision the court concluded that the information Tim Puckett provided to Defendant Ward did not constitute a "consumer report" and therefore could not provide the basis for recovery under the FCRA and further that his claims under the Act are barred by the statute of limitations.[3] *Id.*

It is apparent that the issues presented to the Eastern District of Texas in *Baker v. Puckett*, Case No. 18-CV-599, are identical to those presented here. Accordingly, the first requirement for application of collateral estoppel is met. Additionally, the case in the

---

[2] The parties are aware of the complicated procedural history of this case, which was originally part of the action in the Eastern District of Texas. Plaintiff alleged therein that Defendants Puckett and Ward violated the Fair Credit Reporting Act based on the transfer of information from Puckett to Ward. Ultimately the case against Defendant Ward was transferred to this Court because the Eastern District of Texas lacked personal jurisdiction over him. Plaintiff's claims against Ward are in essence the same as his claims against Puckett.

[3] The Supreme Court advised in *Arizona v. California*, 530 U.S. 392, 414 (2000), that the issue decided must be "essential to the judgment." *Stan Lee Media, Inc.*, 774 F.3d at 1297. Although alternative rulings in the first action usually prevent a court from giving the prior ruling preclusive effect, here both grounds for summary judgment in favor of Puckett apply equally to the claims against Ward. *See id.* at n. 1.

Eastern District of Texas has been "fully adjudicated" for collateral estoppel purposes. Plaintiff Baker has appealed the judgment entered against him to the United States Court of Appeals for the Fifth Circuit, where the matter remains pending. As noted in Wright & Miller, Federal Practice and Procedure, "it is . . . held in federal courts that the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided." 18A Wright & Miller, Fed. Prac. & Proc. § 4433 (3d ed. 2002). "The Supreme Court long ago seemed to establish the rule that a final judgment retains all of its res judicata consequences pending decision of the appeal . . . ." *Id* (citing *Deposit Bank of Frankfort v. Board of Councilmen of City of Frankfort*, 191 U.S. 499 (1903)); *see also Collins v. D.R. Horton, Inc.,* 505 F.3d 874, 882 (9th Cir. 2007) ("[A] final judgment retains its collateral estoppel effect, if any, while pending appeal."); *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc*., 170 F.3d 1373, 1381 (Fed. Cir. 1999)("[T]he pendency of an appeal has no effect on the finality or binding effect of a trial court's holding.") *(citing Deposit Bank)*. Accordingly, the judgment in *Baker v. Puckett* is final for purposes of issue preclusion.

Mr. Baker, as Plaintiff in both actions, was clearly a party to the parallel litigation in the Eastern District of Texas. Accordingly, the third requirement for issue preclusion is satisfied. Finally, Plaintiff Baker had a "full and fair opportunity" to litigate the case in the Eastern District of Texas.

> This narrow exception applies only where the requirements of due process were not afforded, *see Crocog Co. v. Reeves*, 992 F.2d 267, 270 (10th Cir. 1993)—where a party shows "a deficiency that would undermine the fundamental fairness of the original proceedings," *Nwosun*, 124 F.3d at 1257 (citation omitted). *See also Mass. Sch. of Law at Andover, Inc. v. Am. Bar*

4

> *Ass'n*, 142 F.3d 26, 39 (1st Cir. 1998) ("[A]s long as a prior ... judgment is procured in a manner that satisfies due process concerns, the requisite 'full and fair opportunity' existed."); 18 Wright & Miller, supra, § 4415, at 366 (opining that full and fair opportunity exception "mean[s] no more than that claim preclusion cannot arise from proceedings that deny due process"). The fairness of the prior proceeding "is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." *Nwosun*, 124 F.3d at 1257–58.

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1243 (10th Cir. 2017). Nothing in the parties' submissions or the docket sheet from the Eastern District of Texas provides a basis for concluding that this narrow exception should apply. Mr. Baker, despite being incarcerated, filed numerous motions in *Baker v. Puckett*, including a Motion to Strike Affirmative Defenses, a Motion for Temporary Restraining Order, and multiple Motions for Summary Judgment as well as a Motion for Reconsideration following the granting of Defendants' Motion for Summary Judgment. Accordingly, the Court finds the presence of each of the elements necessary for issue preclusion. Thus,, Plaintiff is bound by the conclusion of the Eastern District of Texas that the information provided by Tim Puckett to Defendant Ward did not constitute a "consumer report" as required for liability under the FCRA. Additionally, he cannot challenge in this action that court's determination that his FCRA claim is time-barred.[4] Because neither of these issues is subject to contrary resolution in this case and because his proposed claims against Defendant Ward all arise under the FCRA, amendment would be futile as Plaintiff cannot prevail herein.

---

[4] The court concluded that Mr. Baker had at least constructive knowledge at the time of his criminal case that Tim Puckett had provided information to Defendant Ward regarding certain accounts and that the FCRA claim accrued at that time. Therefore, this litigation, filed on August 20, 2018, was initiated after the expiration of the two-year statute of limitations period. *Baker v. Puckett*, 2020 WL 5745812 (E.D. Tex. Aug. 13, 2020), *Report and Recommendation adopted by* 2020 WL 5630402 (Sept. 21, 2020).

Finally, as noted, Mr. Baker currently has an appeal pending before the United States Court of Appeals for the Fifth Circuit. In the event that the appellate court overturns the judgment of the Eastern District of Texas on both of these issues, Plaintiff may seek to vacate dismissal of this action pursuant to Federal Rule of Civil Procedure 60(b)(5), which provides, that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [if] . . . the judgment . . . is based on an earlier judgment that has been reversed or vacated." *See Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1240 (10th Cir. 2010).

For the reasons set forth herein, Plaintiff's Motion to Amend is DENIED. Defendant's Motion for Judgment on the Pleadings is DENIED AS MOOT, and this action is DISMISSED for the reasons set forth above.

**IT IS SO ORDERED** this 13th day of April 2022.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE